RECEIVED
IN LAKE CHARLES, LA

FEB 2 6 2005
PAM
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **RON THOMAS**, | : | CASE NO. CV-04-2347 |
| Plaintiff, | : | COMPLAINT |
| VS. | : | FAIR CREDIT REPORTING ACT |
| **CAPITAL ONE** And | | 15 USCA 1681 ET SEQ. |
| **EQUIFAX INFORMATION SERVICES, LLC** AND | | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.** | | JURY TRIAL DEMANDED |
| Defendants. | | |

## AMENDED PETITION FOR DAMAGES

1.

Plaintiff is an individual. He lives in the City of Lake Charles, Parish of Calcasieu, State of Louisiana. Plaintiff is a "consumer" within the meaning of 15 USCA 1692a(3).

2.

Defendants are persons who furnishes information to consumer reporting agencies under the Fair Credit Reporting Act (FCRA), 15 USCA 1681s-2:

   A. **CAPTIAL ONE,** a foreign financial institution, who may be served via the Long Arm Statute of Louisiana at P.O. Box 85015, Richmond, VA 23285-5075.

3.

Defendants are consumer reporting agencies as defined by the Fair Credit Reporting Act (FCRA), 15 USCA 1681 et seq., 1681a(f):

   A. **EQUIFAX INFORMATION SERVICES. LLC,** a credit reporting agency, who may be served via the Long Arm Statute of Louisiana at P.O. Box 740123, Atlanta, GA 30374-0123;

**B. EXPERIAN INFORMATION SOLUTIONS, INC.,** a credit reporting agency, who may be served via the Long Arm Statute of Louisiana at P.O. Box 1240, Allen, TX 75013;

4.

This Court has jurisdiction pursuant to 15 USCA 1681p.

5.

Plaintiff alleges Plaintiff's credit card account with Capital One became delinquent due to unemployment and was turned over to CBL Management, P.O. Box 4333, Baton Rouge, LA. for collection.

6.

Plaintiff reached a settlement with this collection agency, and in August, 2002, paid CBL Management a final payment of ONE THOUSAND ONE HUNDRED FOURTEEN DOLLARS AND NO CENTS ($1,114.00), and received a letter from CBL Management declaring that the Capital One account was paid in full.

7.

Despite this payment and release, Plaintiff has been pursued by NCO FINANCIAL SYSTEMS, INC., for payment of the same CAPITAL ONE debt. In addition, this debt is currently being carried on the EQUIFAX INFORMATION SERVICES, LLC. Credit Report of Plaintiff as a written off debt with a fraudulent note.

8.

This error has resulted in Plaintiff being denied market interest rates in the purchase of a home and auto and has continued to interrupt his credit history in violation of the Fair Credit Reporting Act.

9.

FCRA section 1681e(b), provides that whenever a consumer reporting agency ( of which Equifax and Experian are) prepares a consumer report "it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

10.

Despite demand to correct this error, the defendants, **EQUIFAX INFORMATION SERVICES, LLC**, and **EXPERIAN INFORMATION SOLUTIONS, INC.**, continuously prepared credit reports containing inaccurate information, showing the Capital One account as having an amount past due of three thousand nine dollars, and thereby willfully failed to comply with the requirements imposed under the Fair Credit Reporting Act, 15 USCA 1681-1681u, including but not limited:

> a. Failing to follow reasonable procedures to assure maximum possible accuracy;

11.

If information is deleted from a consumer's file after a reinvestigation of a disputed item, then the information may not be reinserted

by the consumer reporting agency unless the person who furnishes the information certifies that the information is complete and accurate, FCRA section 1681i(a)(5)(B).

12.

Upon request for reinvestigation by Plaintiff, in a credit report issued by defendant dated April 2, 2004, credit reporting agencies reported the disputed account as "balance amount 0, Consumer Disputes, reinvestigation in Process."

13.

In subsequent reports dated April 6, 2004 and April 28, 2004, the disputed information was reinserted by the consumer reporting agency back into the Plaintiff's file and reported such to third parties. There was no notice to the Plaintiff that Capitol One had certified that the information was complete and accurate. Hence, the credit reporting agencies willfully and negligently:

    b. Failed to comply with the requirements relating to reinsertion of disputed credit information into the consumer's file;
    c. Reporting obsolete information.

14.

If a reinvestigation results in a finding that disputed information is either inaccurate, incomplete, or cannot be verified, the consumer reporting agency is required to delete the information from the consumer's file, or otherwise add necessary information so as to make the credit information accurate. 15 USCA section 1681i(a)(5)(A).

15.

In a report dated as recent as December, 2004, all three reporting agencies, Experian, Equifax, and Trans Union reported the Capital One account

as a charge off rather than settled or disputed account.

16.

The credit reporting agencies did not follow reasonable procedures to prevent reappearance in consumer's claims report of inaccurate information after consumer complained to agency about errors on report. Therefore, Experian and Equifax willfully and negligently:

      d. Failed to correct inaccurate or incomplete information.

17.

As a result of the defendants, **CAPITAL ONE** and the credit reporting agencies, **EQUIFAX INFORMATION SERVICES, LLC**, **EXPERIAN and INFORMATION SOLUTIONS, INC.** violations of the Fair Credit Reporting Act, **RON THOMAS** was caused to suffer denial of credit, lost opportunity to receive credit, damage to his reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

18.

Plaintiff realleges paragraphs one thru seventeen as if fully set forth herein. **CAPITAL ONE**, is a person who furnishes information to consumer reporting agencies under FCRA, negligently failed to comply with the requirements imposed under the Fair Credit Reporting Act, including but not limited:

      a. Failing to follow reasonable procedures to assure maximum possible accuracy;
      b. Failing to comply with the requirements relating to reinsertion of disputed credit information into the consumer's file;
      c. Failing to conduct mandatory reinvestigation; and
      d. Failing to correct inaccurate or incomplete information.
      e. Reporting obsolete information

19.

As a result of Defendants', **CAPITAL ONE's** conduct, plaintiff, **RON THOMAS**, faces the likelihood of substantial and immediate, irreparable harm. Plaintiff's remedies at law are insufficient to protect him from future harm. Accordingly, plaintiff seeks an injunction requiring each of defendants to permanently cease and desist the dissemination of credit information that is inaccurate or obsolete.

20.

Plaintiff, **RON THOMAS**, is entitled to punitive damages in an amount to be determined by the jury.

21.

Plaintiff, **RON THOMAS**, further pray for penalties and attorney's fee as provided by law, judicial interest from date of judicial demand, and all costs of court.

**WHEREFORE**, plaintiff, **RON THOMAS**, prays for a judgment against defendants as follows:

1. On Plaintiff's First Claim for Relief for willful violations of the FCRA against **EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC.,**

2. Actual damages in an amount to be determined by the jury;
    a. Punitive damages in an amount to be determined by the jury; and,
    b. Attorney fees and costs.

3. On Plaintiff's Second Claim for Relief for negligent violations of the FCRA against **EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC.:**

        a. Actual damages in an amount to be determined by the jury;
        b. Attorney fees and costs.

4. On Plaintiff's Third Claim for Relief for willful violations of the FCRA against **CAPTIAL ONE**:

        a. Actual damages in an amount to be determined by the jury;
        b. Punitive damages in an amount to be determined by the jury; and,
        c. Attorney fees and costs.

5. On Plaintiff's Fourth Claim for Relief for negligent violations of the FCRA against **CAPTIAL ONE**:

        a. Actual damages in an amount to be determined by the jury;
        b. Attorney fees and costs.

6. On Plaintiff's Fifth Claim for Relief for Injunction, plaintiff prays for the injunction as set forth above.

7. Trial by Jury is Requested.

**DATED** this _16th_ day of _February_, 2005.

                                      ATTORNEY FOR PLAINTIFF

                                      GENIA COLEMAN-LEE
                                      LASBA No. 25372
                                      1125 Enterprise Blvd./POB 17121
                                      Lake Charles, LA 70601
                                      (318) 491-9900

**SERVICE INFORMATION:**

**The defendants are to be served via the Long Arm Statute of Louisiana as outlined in Paragraph Two and Three of this Petition.**