UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| RON THOMAS | * CIVIL ACTION NO. |
| | * |
| | * 04-2347 |
| | * |
| Plaintiff, | * JUDGE TRIMBLE |
| | * |
| VERSUS | * MAG. WILSON |
| | * |
| NCO FINANCIAL SYSTEMS, INC, | * |
| CAPITAL ONE, | * |
| EQUIFAX INFORMATION SERVICES, LLC, | * |
| EXPERIAN INFORMATION SOLUTIONS, | * |
| LLC, AND TRANSUNION, LLC, | * |
| | * |
| Defendants. | * |

**************************************************

## AFFIDAVIT OF CHRISTOPHER T. LANE

STATE OF VIRGINIA

COUNTY OF HENRICO

Before me, the undersigned notary public, personally came and appeared Christopher T. Lane, who did state under oath as follows:

1.    I am over the age of 18, have personal knowledge of the facts stated herein, and am competent to make this affidavit.

2.    I am the ERC Department Manager for Capital One Services, Inc. ("COS"). COS services the credit card accounts of Capital One Bank ("Capital One"). In that capacity, I have

personal knowledge of the business records of Capital One.  Each document attached to this Affidavit is a true and correct copy of the original and is kept and maintained in the ordinary course of Capital One's business.

3.   Capital One is a Virginia state chartered bank with its principal place of business located in Virginia.  Capital One enters into credit card contracts with consumers, extends credit to those consumers pursuant to a contract, and is entitled to payment pursuant to the terms of the contract.

4.   I have reviewed and am familiar with Capital One's records relating to the credit card account of Plaintiff Ron Thomas ("Thomas") under account number XXXX-XXXX-XXXX-6260 (the "Account").

5.   Thomas's Account was opened on July 3, 2000.  Together with the credit card, Capital One sent Thomas a "Customer Agreement" establishing the terms of the Account.  A true and correct copy of the Customer Agreement for the Account is attached hereto as Exhibit A, and is incorporated herein by reference.

6.   After opening the Account, Thomas used the credit card for the Account to make purchases.  True and correct copies of the billing statements for Thomas's Account reflecting these purchases are collectively attached hereto as Exhibit B, and are incorporated herein by reference.  By using the credit card and

2

Account for purchases, Thomas accepted the terms and conditions of the Customer Agreement.

7.    In October of 2001, Capital One sent all cardholders with accounts opened prior to November of 2001 an "Important Amendment To Your Customer Agreement" (the "Amendment"), which contained a proposed amendment to the Customer Agreement entitled "ARBITRATION" (the "Arbitration Provision"). True and correct copies of the "Amendment" and the accompanying "Arbitration Provision" are collectively attached hereto as Exhibit C. The Amendment was sent from Capital One's offices in Virginia to Thomas in Louisiana.

8.    The proposed "Arbitration Provision" in the Amendment states, *inter alia*, that:

> You and we agree that either you or we may, at either party's sole election, require that any Claim (as defined below) be resolved by binding arbitration.
>
> IF YOU OR WE ELECT ARBITRATION OF A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO PURSUE THAT CLAIM IN COURT OR BEFORE A JUDGE OR JURY OR TO PARTICIPATE IN A CLASS ACTION OR ANY COLLECTIVE OR REPRESENTATIVE PROCEEDING.    EXCEPT    AS    SET    FORTH    BELOW,    THE ARBITRATOR'S    DECISION    WILL    BE    FINAL    AND    BINDING. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT, INCLUDING THE RIGHT TO CONDUCT DISCOVERY OR TO APPEAL, MAY BE LIMITED OR UNAVAILABLE IN ARBITRATION.    THE FEES ASSOCIATED WITH ARBITRATION MAY BE HIGHER THAN THE FEES ASSOCIATED WITH COURT PROCEEDINGS.

*See* Exhibit C.

9.    At the time Thomas received the Amendment, he also received an Arbitration Rejection Coupon and instructions on how

3

to fill out the Arbitration Rejection Coupon and return it to
Capital One.   A copy of the Arbitration Rejection Coupon is
included in Exhibit C.   By filling out and returning the
Arbitration Rejection Coupon before the January 31, 2002
deadline, Thomas could have elected not to have the Arbitration
Provision become part of his Customer Agreement.   Thomas did not
return the Arbitration Rejection Coupon to Capital One, and thus
the Arbitration Provision became part of Thomas's Customer
Agreement.

10.   The Arbitration Provision included in the Amendment
has not been modified or amended, and it remains in effect as a
part of the terms and conditions governing Thomas's Account.   A
copy of Thomas's Customer Agreement that includes the
Arbitration Provision after the Amendment is attached hereto as
Exhibit D, and is incorporated herein by reference.

11.   Additionally, Thomas's billing statements and other
correspondence for his Account were mailed to Thomas in
Louisiana from locations outside of Louisiana.

4

12.  I declare under penalty of perjury that the foregoing is true and correct.

CHRISTOPHER T. LANE

SWORN TO AND SUBSCRIBED
BEFORE ME NOTARY PUBLIC
THIS ___9___ DAY OF MARCH, 2005

NOTARY PUBLIC

Embossed Hereon is My
Commonwealth of Virginia Notary Public Seal
My Commission Expires December 31, 2007
PHILIP J. HANCZARYK

5