RECEIVED
MAR 19 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RON THOMAS | : | DOCKET NO. 2:04-2347 |
| VS. | : | JUDGE TRIMBLE |
| NCO FINANCIAL SYSTEMS, INC. et al | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is "Experian Information Solution, Inc.'s Motion for Summary Judgment" (R. #91) wherein the mover seeks to be dismissed from the instant lawsuit because it did not report any inaccurate information concerning plaintiff and/or because plaintiff cannot show that he suffered any damages of the allegedly inaccurate reporting. Plaintiff has filed no opposition to this motion.

## STATEMENT OF FACTS

This lawsuit involves alleged inaccurate credit reporting, a violation of the Fair Credit Reporting Act ("FCRA")[1]. Defendant Experian Information Solutions, Inc. ("Experian") operates a consumer credit reporting agency under the guidelines of the FCRA. Credit grantors report credit information to Experian called "trade lines" that consist of credit account information such as account number, account status, and payment history. Plaintiff first became aware of Experian's reporting of Capital One's trade line on or about November 9, 2004.[2] On December 17, 2004,

---

[1] 15 U.S.C. § 1681, *et seq.*

[2] SOF ¶ 6.R. #91-2.

plaintiff contacted Experian to dispute the accuracy of the Capital One trade line.[3] After a reinvestigation, Experian reported the results of the reinvestigation to plaintiff.[4] After Experian completed its reinvestigation, the Capital One trade line was no longer flagged as having a potentially negative effect.[5] Plaintiff admits that after Experian corrected the inaccurate reporting, the corrected reporting no long had a negative effect on his credit.[6] Plaintiff also admits that it was not the fact that Experian reported that Capital One had charged off a certain portion of plaintiff's debt, but that the amount charged off was inaccurate.[7]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[8] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[9] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the

---

[3] Id. at ¶ 11.

[4] SOF ¶ 12.

[5] SOF ¶ 13; Thomas depo. p. 166-168; Scott Decl. ¶¶ 8-9. R. #91-2.

[6] SOF ¶ 13; Thomas depo. p. 168:1-5, R. #91-4.

[7] Thomas depo. p. 153-154. R. #91-4.

[8] Fed. R.Civ. P. 56(c).

[9] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

non-moving party.[10] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[11] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[12] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[13] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[14] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[15]

## LAW AND ANALYSIS

To establish a *prima facie* violation of § 1681e(b), plaintiff must present evidence that (1) a credit reporting agency's report was inaccurate, and (2) that the inaccurate report caused the consumer's alleged harm.[16] In his deposition testimony, plaintiff testified that Experian correctly reported that Capital One had charged off a portion of the debt he owed; plaintiff further testified that

---

[10] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[11] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[12] Anderson, 477 U.S. at 249.

[13] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[14] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[15] Anderson, 477 U.S. at 249-50.

[16] Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991).

all other reporting was generally accurate other than a $38 write-off amount.[17] Plaintiff further testified that he does not know the actual amount written off by Capital One, but he admits that he paid Capital One less than what he owed.[18]

15 U.S.C. § 1681(a)(1)(A) provides that "[i]f the completeness or accuracy of any item of information. . . is disputed by the consumer. . . the agency shall . . . conduct a reasonable reinvestigation. . . before the end of the 30 day period beginning on the date on which the agency receives the notice of dispute from the consumer."[19] Thus, under the statute Experian had 30 days to correct any inaccurate reporting. Experian maintains that because it corrected any inaccuracies within the 30 day period, it cannot be held liable. Experian has submitted summary judgment evidence that it corrected the inaccurate reporting on January 7, 2005, approximately 21 days after plaintiff contacted Experian with the inaccuracy. Plaintiff has failed to submit summary judgment evidence to dispute this, or in other words, plaintiff has failed to establish his burden of proving that Experian failed to correct the inaccuracies within thirty days after he disputed the reporting.

Experian further maintains that plaintiff can not prove that Experian's reporting caused him damage. The FCRA is not a strict liability statute and the mere appearance of inaccurate information does not render Experian liable.[20] Experian has submitted summary judgment evidence that all of plaintiff's alleged damages predate January 7, 2005, the date Experian corrected the alleged inaccuracies after plaintiff contacted Experian to dispute the reporting. Plaintiff has failed to submit

---

[17] Thomas Depo. Pp. 149-153. R. #91-1.

[18] Thomas depo. p. 155.R. #91-1.

[19] Cahlin, 936 F.2d at 1154-55.

[20] Id.

summary judgment evidence of damages that he suffered as a result of inaccurate reporting after he contacted Experian to dispute their reporting.

The court finds that there is no genuine issue of material fact that Experian did not violate the FCRA by reporting plaintiff's Capital One account, and that Experian's reporting did not cause plaintiff to suffer damages.

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be granted dismissing with prejudice plaintiff's claims against defendant, Experian Information Solutions, Inc.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19th day of March, 2012.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE